UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

T-MOBILE USA, INC.,

    Plaintiff,

    v.

ANITA WALTS, *et al.*,

    Defendants.

Case No. C06-0187L

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; NOTING MOTION FOR PRELIMINARY INJUNCTION; RENOTING DISPOSITIVE MOTIONS

    This matter comes before the Court on a motion for a temporary restraining order filed by plaintiff T-Mobile USA, Inc. ("T-Mobile"). (Dkt. #4). T-Mobile seeks a TRO restraining defendant Anita Walts ("Walts"), its former employee, from selling or otherwise disposing of assets she obtained from the other defendants, contractors of T-Mobile who allegedly provided kickbacks to Walts. T-Mobile also seeks expedited discovery to ascertain the nature and location of the ill gotten assets.

    Walts responded to the motion on February 27, 2006. T-Mobile filed a reply in support of the motion on February 28, 2006.

    During the relevant time period, Walts worked for T-Mobile as a Senior Manager

ORDER DENYING MOTION FOR A
TEMPORARY RESTRAINING ORDER - 1

in the Retail Real Estate & Facilities Group.  In that role, she was responsible for overseeing the lease and construction of T-Mobile retail stores in many states and was authorized to hire contractors and approve the payment of construction invoices.  Since April 2003, T-Mobile has contracted with defendant Linco Contractors, Ltd. ("Linco") to serve as general contractor for more than 40 retail construction projects throughout the United States.  T-Mobile alleges that between September 2003 and May 2005, Walts caused T-Mobile to contract with Linco in exchange for cash payments and other benefits for herself and her family members.

T-Mobile asserts claims against Walts for violations of the Criminal Profiteering Act, RCW 9A.82 *et seq.*; violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c); conversion; intentional misrepresentation; unjust enrichment and restitution; and for constructive trust over the wrongfully obtained money and property.

Having considered the Complaint, the Motion for Temporary Restraining Order of T-Mobile, and upon consideration of the other submissions in the record, the Court finds as follows.  T-Mobile has not made a sufficient showing of potential irreparable injury to warrant immediate injunctive relief.  T-Mobile does not allege that Walts is in the process of or planning to dispose of or hide any of her assets.  In contrast, in <u>Rahman v. Oncology Assoc., P.C.</u>, 198 F.3d 489, 492 (4th Cir. 1999), the court affirmed the grant of a preliminary injunction based in part on allegations that the defendant oncology services providers "were engaging in complex reorganizations and transfers of assets to insulate themselves from liability."  Furthermore, Walts has stated that it would be a great hardship to have legal restrictions on how she and her husband manage their finances.  Declaration of Anita Walts (Dkt. #12) at ¶ 11.  Walts' allegation of harm is well taken.

ORDER DENYING MOTION FOR A
TEMPORARY RESTRAINING ORDER - 2

T-Mobile's requested relief is broad enough to limit Walts' ability to pay her bills and provide for her basic needs. Moreover, T-Mobile has some protection because any efforts by Walts to dispose of the ill gotten assets to avoid a judgment or liability will result in the imposition of sanctions. Finally, Walts has raised colorable issues regarding this Court's jurisdiction and the propriety of venue in this Court. For all of these reasons, T-Mobile's request for a TRO is DENIED.

Although a TRO is not warranted, T-Mobile has presented some evidence supporting the merits of its claims, and Walts has not expressly denied some of the material allegations. Therefore, the parties are directed to appear for a hearing before the Court regarding the motion for a preliminary injunction on March 28, 2006 at 8:45 a.m.

T-Mobile is granted leave to commence discovery immediately in aid of preliminary injunction proceedings before the Court. T-Mobile may issue the following discovery: subpoenas to financial institutions relating to payments to Walts and the use of such funds, and plaintiff's First Interrogatories and Requests for Production to Anita Walts for Expedited Discovery attached to plaintiff's motion, as modified to include only Interrogatories 1, 10, 11, 12, and 13, and RFP 4. Assuming that T-Mobile serves those discovery requests on Walts on March 2, Walts shall provide her responses no later than 9:00 a.m. on March 13, 2006.

After receiving the discovery responses, T-Mobile may file an updated motion for a preliminary injunction no later than March 15, 2006. Walts shall file her response by 12:00 p.m. on March 20, 2006, and T-Mobile shall file its reply, if any, no later than 12:00 p.m. on March 22, 2006.

Finally, to aid the Court in adjudicating the motion for a preliminary injunction, the Clerk of the Court is directed to renote Walts' pending motion to dismiss for lack of

ORDER DENYING MOTION FOR A
TEMPORARY RESTRAINING ORDER - 3

personal jurisdiction (Dkt. #9) and her pending motion to dismiss for improper venue (Dkt. #10) on the Court's calendar for March 17, 2006.  T-Mobile's responses shall be due by March 13, and Walts' replies, if any, shall be due no later than March 17, 2006.[1]

DATED this 2nd day of March, 2006.

*MRT S Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[1] If these deadlines impose an undue burden on the parties, they may stipulate to reschedule the preliminary injunction hearing for a date in mid-April or later.

ORDER DENYING MOTION FOR A
TEMPORARY RESTRAINING ORDER - 4